# COURT OF APPEALS
## DECISION
## DATED AND FILED

## April 25, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos. 2021AP1083-CR**
**2021AP2116-CR**
**STATE OF WISCONSIN**

Cir. Ct. Nos. 2004CF7137
2008CF6377

**IN COURT OF APPEALS**
**DISTRICT I**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JAMES J. SOCHA,

DEFENDANT-APPELLANT.

APPEALS from orders of the circuit court for Milwaukee County: MILTON L. CHILDS, SR. and GLENN H. YAMAHIRO, Judges. *Reversed and remanded with directions*.

Before Brash, C.J., Dugan and White, JJ.

¶1     WHITE J.  James Socha, *pro se*, appeals from the trial and circuit courts' orders denying his postconviction motions seeking sentence modification.[1] In Socha's first case on appeal, he was convicted, upon a guilty plea, for operating a motor vehicle while under the influence of an intoxicant (OWI) as a tenth or subsequent offense, which was committed in December 2004.  In his second case on appeal, Socha was convicted, upon a jury's verdict, for operating a motor vehicle while under the influence of an intoxicant (OWI) as a tenth or subsequent offense, which was committed in December 2008.  Socha asserts in each case that the trial and circuit courts erred when it failed to modify his sentence after he presented evidence that multiple prior OWI convictions relied upon to impose his sentence had been vacated after he was sentenced.[2]  Although we reject Socha's contention that his sentences should be automatically modified by commuting his sentence pursuant to WIS. STAT. § 973.13,[3] we conclude that Socha's allegations that some of his prior OWI conviction were lawfully vacated after he was sentenced in these cases sufficiently alleged a new factor such that if he meets his burden to prove that some of his prior convictions were lawfully vacated, it may warrant sentence modification.  We reverse the trial and circuit courts' orders and remand with directions to reopen Socha's motions for sentence modification and

_____

[1] Upon our own motion, we consolidate Socha's separate appeals because of the substantially similar legal and factual issues he raises.  *See* WIS. STAT. RULE 809.10(3) (2021-22).  All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] Pursuant to WIS. STAT. § 346.65, the maximum penalties for OWI violations increase based on the number of convictions for OWI violations, suspensions, or revocations a person has at the time of sentencing.

[3] WISCONSIN STAT. § 973.13 provides that "[i]n any case where the court imposes a maximum penalty in excess of that authorized by law, such excess shall be void and the sentence shall be valid only to the extent of the maximum term authorized by statute and shall stand commuted without further proceedings."

determine which, if any, of Socha's prior OWI convictions were lawfully vacated and to exercise their discretion in imposing sentences within the range of the applicable subsections of WIS. STAT. § 346.65(2) based on the number of Socha's prior OWI convictions after determining how many, if any, of his prior convictions have been lawfully vacated.

## BACKGROUND

*Milwaukee County Circuit Court case No. 2021AP1083-CR*
*(the Whitefish Bay case)*

¶2      Socha's first case on appeal begins with his arrest for OWI in December 2004 in Whitefish Bay, after a police officer observed him swerving and running a stop sign.  The officer further noted that Socha smelled of alcohol, that his speech was slurred, and that he swayed when he walked; he also failed field sobriety tests.  The officer reviewed Wisconsin Department of Transportation (DOT) records that showed that he had nine prior OWI convictions.  Socha was charged with OWI as a fifth or subsequent offense, contrary to WIS. STAT. §§ 346.63(1)(a), 346.65(2)(e) (2003-04).[4]  Later testing showed that his blood alcohol concentration (BAC) was 0.289.

---

[4] In 2004, the maximum penalty for being convicted of five or more OWI offenses was the same—a Class H Felony with a maximum sentence of six years, divided as three years of initial confinement and three years of extended supervision and a $600 fine.  Thus, the fact that Socha had more than five prior OWI convictions was of no consequence.  *See* WIS. STAT. § 346.65(2)(e), 973.01(2)(b)8, (d)5. (2003-04).

3

¶3 Socha pled guilty to the charge in February 2005. The trial court[5] ordered a presentence investigation report (PSI)—the report listed nine prior OWI offenses.[6] During the sentencing hearing in July 2005, Socha's counsel informed the court that Socha had recent convictions for OWI, bail jumping, and operating after revocation in Ozaukee County, which occurred after he committed the OWI in the Whitefish Bay case. Counsel also advised the trial court that Socha was sentenced in total to six years of initial confinement and five years of extended supervision in that case prior to his sentencing in the Whitefish Bay case. Thus, it appears that at the time of his sentencing in the Whitefish Bay case, Socha had ten prior OWI convictions. Counsel also referenced that Socha had nine prior OWI convictions in discussing Socha's alcoholism with regard to counsel's request for concurrent sentencing.

¶4 In discussing the reasoning behind its sentencing, the trial court referenced that Socha was on his tenth OWI offense, that he had a 0.289 BAC for the current offense, and that he had a long struggle with alcoholism. The trial court also stated that Socha committed the Ozaukee County OWI offense while on bail for the Whitefish Bay case, which the court was sentencing in Milwaukee County Circuit Court. The court imposed a six year term of imprisonment divided as two years of initial confinement and four years of extended supervision to be

---

[5] The Honorable Mary M. Kuhnmuench accepted Socha's guilty plea and imposed sentencing. The Honorable Milton L. Childs, Sr. denied Socha's postconviction motion. A number of other judges were involved in this matter over the years; we refer generally to the judges on this case as the trial court.

[6] During the sentencing hearing, the trial court did not review the details of the nine prior OWI convictions. Later court proceedings, as well as our examination of the record, showed that the nine prior convictions consisted of five OWI convictions in Ohio from 1989 through 1992; an OWI conviction in Whitefish Bay in 1993; an OWI conviction in River Hills in 1993; and two OWI convictions in Illinois in 2000, for OWI violations in 1998 and 1999.

served consecutively to any other sentence he had. The court also granted Socha eligibility for the earned release program upon his successful completion of an AODA program.

¶5     Socha completed the earned release program and had the balance of his initial confinement term converted to extended supervision in February 2008. In December 2008, Socha was arrested for the OWI at issue in the second appeal in this case, Milwaukee County Circuit Court case No. 2021AP2116-CR (the Glendale case). His supervision in the Whitefish Bay case was subsequently revoked, and he was ordered reconfined for the amount of time remaining on his sentence—approximately five years and eleven months. In December 2014, the Wisconsin Department of Corrections (DOC) notified the trial court that Socha's sentence did not comply with the statutory requirements for his conviction of a class H felony pursuant to WIS. STAT. §§ 973.01(2)(b)8. and 973.01(2)(d)5. (2003-04), which limited the term of extended supervision to three years. Accordingly, the trial court ordered the term of extended supervision—which had been converted to confinement time for his supervision violation—to be commuted to three years.

*Milwaukee County Circuit Court case No. 2021AP2116-CR*
*(the Glendale case)*

¶6     Socha's second case on appeal begins with his arrest for OWI on December 21, 2008, when a Glendale Police Department officer observed that Socha's vehicle appeared to be stuck in a snow bank on the side of the road. When the officer made contact with Socha, she noticed that Socha had a strong odor of intoxicants and glassy and bloodshot eyes. The officer subsequently checked Socha's driving record, which showed he had eleven prior OWI

convictions and a revoked driver's license. Socha was then arrested for driving with a revoked licensed and conveyed to Glendale Police Department where he performed poorly on standard field sobriety tests. Socha refused a chemical test of his blood and he was transported to a hospital for a forced blood draw. The blood test result showed a 0.32 BAC.

¶7 Socha was charged with an OWI as a tenth or subsequent offense,[7] on the basis that the criminal complaint alleged eleven prior convictions, contrary to WIS. STAT. § 346.63(1)(a), 346.65(2)(am)7. (2007-08).[8] As the case proceeded against Socha, he brought multiple pretrial motions. Socha's attorney questioned the validity of certain prior OWI convictions and then unsuccessfully attempted to preclude the State from using his prior OWI convictions at sentencing, motions which were denied by the circuit court.[9] Additionally, the circuit court denied Socha's pretrial motion to collaterally attack his prior out-of-state OWI convictions.

---

[7] In 2008, the maximum penalty for anyone convicted of ten or more OWI offenses was the same—a Class F Felony with a maximum sentence of twelve years and six months, divided as seven years and six months of initial confinement and five years of extended supervision. See WIS. STAT. § 346.65(2)(am)(7), § 973.01(2)(b)6m and (2)(d)4. (2007-08).

[8] Based on later proceedings and our examination of the record, at the time of charging in 2008, the eleven prior convictions consisted of five OWI convictions in Ohio from 1989 through 1992; an OWI conviction in Whitefish Bay in 1993; an OWI conviction in River Hills in 1993; and OWI convictions in Illinois in 2000; the 2004 case—an OWI violation in Whitefish Bay with a conviction in Milwaukee County Circuit Court in 2005; and the Ozaukee County case—an OWI conviction in 2005.

[9] The Honorable Thomas P. Donegan conducted Socha's trial and sentencing. The Honorable Glenn H. Yamahiro denied Socha's motions for postconviction relief and reconsideration. A number of other judges were involved in this matter over the years; we refer generally to the judges on this case as the circuit court.

6

¶8 After a four day jury trial in March 2011, the jury returned a guilty verdict for operating a motor vehicle while under the influence of an intoxicant. Prior to sentencing, Socha brought several motions for reconsideration of the circuit court's pretrial orders, which the circuit court denied, and a motion asking that the court require the State to provide "competent[,] reliable and applicable proof of all alleged prior OWI convictions it intends to rely on for use at sentencing." However, during the sentencing hearing on May 18, 2011, the circuit court denied any reconsideration of its prior orders from pretrial or presentencing motions. Although the State referenced it submitted documentation to the court, the circuit court concluded that Socha's presentencing motion was a continuation of his collateral attacks on his prior convictions and declined to consider the motion. Ultimately, the circuit court imposed a term of imprisonment of twelve years, divided as seven years of initial confinement and five years of extended supervision. The sentence was imposed consecutively to any other sentence.

¶9 In October 2012, Socha moved for postconviction relief, arguing that the circuit court erroneously relied upon defective prior convictions at his sentencing. This court remanded the matter for further fact-finding by the circuit court regarding the proper number of prior OWI convictions, which the circuit court determined to be "at least eleven." In January 2013, the circuit court denied the motion. In January 2015, this court affirmed Socha's judgment of conviction and the order denying him postconviction relief. *See* ***State v. Socha***, No. 2013AP281-CR, unpublished slip op. (WI App Jan. 13, 2015) (*Socha I*).

¶10 Relevant to the current appeal, in ***Socha I***, this court addressed Socha's contention that his prior OWI convictions had not been properly counted. First this court noted that Socha affirmed by affidavit that he was convicted and sentenced for five OWIs in Ohio from 1989 through 1992, and convicted for two

7

OWIs in Illinois, violations which occurred in 1998 and 1999, and for which he was sentenced for both in May 2000. *Id.*, ¶19. Therefore, this court concluded that "that the challenged Ohio and Illinois convictions were properly counted." *Id.*, ¶22. While we noted that Socha claimed that "two of his Wisconsin convictions had been vacated," we ultimately concluded that "Socha admitted to at least nine prior convictions making the trial court's imposition of sentence for a tenth or subsequent offense appropriate." *Id.*, ¶¶25-26.

*Socha's current appeals*

¶11    In 2020, Socha began filing the motions that led to these appeals; as the arguments and filings are similar, we discuss them together. In both cases, Socha requested that the courts definitively establish which OWIs were the underlying prior offenses that supported the sentences that the courts imposed. Further, in both cases, Socha argued that several of his OWI convictions had been vacated postsentencing, which he asserted required the courts to modify or commute his sentences.

¶12    In Socha's Whitefish Bay case, Socha also specifically argued that the PSI report had "fundamental discrepancies" in the "purported dates" of the prior OWI convictions listed. In August 2020, the trial court denied his motion, noting that there was no plea hearing transcript or court reporter notes in the record; therefore, the record of the prior OWIs was limited to the PSI.

¶13    In Socha's Glendale Case, in August 2020, the circuit court denied Socha's motion for a definitive record of his prior OWI convictions, explaining that at the sentencing hearing, the State filed documentation stating that Socha had fourteen prior OWIs and that this court had concluded in *Socha I* that he had at least nine prior OWI convictions. In October 2020 and January 2021, Socha

requested that his judgment of conviction be amended to state he was convicted of an OWI-tenth or more and not an OWI-twelfth or more. In January 2021, although the circuit court had found that the State had proven at least eleven convictions countable for OWI penalties, it granted Socha's request to amend his judgment of conviction to state he was convicted of an OWI-tenth or more and not an OWI-twelfth or more. The court concluded that the amendment was consistent with the charge as described in the criminal complaint, the sentencing hearing transcript, and this court's 2015 decision in *Socha I*.[10]

¶14    Socha then filed the motions for sentence modification underlying these appeals. In the Whitefish Bay case, Socha submitted documentation showing that six of his prior OWI convictions had been vacated: one in Whitefish Bay from a 1993 incident that was vacated in May 2010, one in River Hills from a 1993 incident that was vacated in April 2010, and four from Mason City, Ohio for incidents in 1989, 1991, and two in 1992, that were vacated in August 2020. In the Glendale case, Socha only submitted the records from his four vacated convictions from Ohio with his appeal. In both cases, he asserted that because several of his prior OWI convictions had been vacated, each court should commute his excessive sentence, or, in the alternative, modify his sentence due to a new factor—the vacated prior convictions.

¶15    Specifically addressing the Whitefish Bay case, Socha argued that the PSI was inaccurate because it listed the violation dates instead of the conviction dates, which he asserted meant that the PSI could not be relied upon for

---

[10] As noted above WIS. STAT. § 346.65(2)(am)7 (2007-08) provides "Any person violating s. 346.63(1) … is guilty of a Class F Felony if the number of convictions … equals 10 or more…."

calculating the proper number of his prior OWI convictions to support the sentence that the court imposed on him, under *State v. Farr*, 119 Wis. 2d 651, 658, 350 N.W.2d 640 (1984). In March 2021, the trial court denied Socha's motion for sentencing modification. The court rejected Socha's arguments, concluding that the PSI was not unreliable and that Socha's counsel's statements at sentencing relating to the nine prior OWI convictions "amounted to an admission for purposes of imposing the enhanced penalties." The court rejected that a new factor applied, stating:

> The court will not sanction the defendant's effort to collaterally attack his sentence for a tenth OWI offense under the guise of a new factor. At the time of sentencing, he stood convicted of nine prior OWIs. Those convictions were valid at that time, and therefore, the court sentenced the defendant on a *correct* set of facts. The defendant's postconviction attempt to change the facts is improper, and frankly, manipulative.

(Emphasis in original)

¶16 Specifically addressing the Glendale case, the circuit court denied Socha's motion for sentencing modification in October 2021. Applying reasoning similar to that of the trial court, the circuit court rejected that Socha had presented a new factor, stating:

> The court will not sanction the defendant's effort to collaterally attack his sentence for a tenth or subsequent OWI under the guise of a new factor. At the time of sentencing, he stood convicted of at least nine prior OWIs. Those convictions were valid at the time, and therefore, the court sentenced the defendant on a *correct* set of facts. His attempt to change the facts at this juncture is improper, and frankly, manipulative.

(Emphasis in original). The court also rejected resentencing Socha because he "does not want to be resentenced, and the remedy is not warranted."

10

¶17    Socha now appeals both cases.

## DISCUSSION

¶18    To understand Socha's arguments in these appeals, we begin with his basic theories of the law and facts. First, he asserts that he has presented evidence that four of his OWI convictions from Ohio from 1989 through 1992 were vacated in 2020 and two of his OWI convictions from Wisconsin from 1993 were vacated in 2010. Therefore, in his Whitefish Bay case, he argues that if six of his OWI convictions are no longer valid in calculating his prior convictions, then his sentence would be excessive for applying nine prior OWI convictions when it should only be three prior OWI convictions.[11] In his Glendale case, Socha argues that if four of his Ohio OWI convictions are no longer valid in calculating his prior convictions, then his sentence is excessive for applying nine prior OWI convictions when it should be five prior OWI convictions.[12]

¶19    Next, for the Whitefish Bay case, Socha asserts that an OWI-fourth (meaning he had three prior convictions) had a maximum penalty of one year. *See*

---

[11] Although the record reflects that the State alleged eleven or more prior OWI convictions during his Whitefish Bay case, the trial court relied upon the PSI, which enumerated nine prior convictions, listing the violation dates: five from Ohio from 1989-1992, two from Wisconsin in 1993, and two from Illinois in 1998 and 1999. We will proceed under the same logic as the trial court to begin with Socha having nine prior OWI convictions before he was sentenced in the 2004 case.

[12] For the Glendale case, Socha's nine prior convictions were described by this court in *State v. Socha*, No. 2013AP281-CR, unpublished slip op. (WI App Jan. 13, 2015) (*Socha I*) to include five OWI convictions in Ohio, two in Illinois, and two in Wisconsin—the Whitefish Bay case and the 2005 Ozaukee County case, which was affirmed in *State v. Socha*, No. 2021AP957-CR, unpublished op. and order (WI App Oct. 12, 2022) (*Socha II*). We infer that Socha effectively had the circuit court recognize that both 1993 Wisconsin OWI convictions were removed from his prior conviction count in its order amending the judgment of conviction to reflect nine prior convictions.

11

WIS. STAT. § 346.65(2)(c) (2003-04). Socha then states that he was sentenced for an OWI-tenth, which fell into the category of an OWI-fifth or more, having a maximum term of imprisonment of six years. *See* WIS. STAT. §§ 346.65(2)(e), 939.50(3)(h) (2003-04). Socha was sentenced to six years; that sentence was reduced by a year after communication from DOC led to commutation pursuant to WIS. STAT. § 973.13.[13] However, Socha argues that even a five year sentence was still four years longer than allowed. For the Glendale case, Socha asserts that an OWI-sixth had a maximum penalty of six years. *See* § 346.65(2)(am)5. (2007-08). However, he was sentenced to twelve years for an OWI-tenth or more, which had a maximum penalty of twelve years and six months, as a Class F felony. *See* §§ 346.65(2)(am)7., 939.50(3)(f). He contends this means the sentence imposed was six years longer than allowed.

¶20 Ultimately, Socha contends that an excessive sentence was imposed and it must be commuted in accordance with WIS. STAT. § 973.13. Further, he argues that he has the right to request reopening his sentence in accordance with *State v. Hahn*, 2000 WI 118, 238 Wis. 2d 889, 618 N.W.2d 528, *opinion clarified on denial of reconsideration*, 2001 WI 6, 241 Wis. 2d 85, 621 N.W.2d 902. Although we agree that Socha has the right to be sentenced under the appropriate standard of law, we reject his argument that his sentence is commuted pursuant to § 973.13. Instead, we agree with his argument that he has a right to bring a motion to reopen his sentence under *Hahn* and that his allegations that some of his prior

---

[13] Socha's sentence was commuted by one year from five years to four in 2014 in accordance with WIS. STAT. § 973.13 after Socha's extended supervision was converted to confinement (after revocation) when DOC informed the trial court that the term of four years of extended supervision exceeded the maximum under the law. *See* WIS. STAT. §§ 346.65(2)(e), 939.50(3)(h), 973.01(2)(b)8., and (2)(d)5. (2003-04).

OWI convictions were lawfully vacated after he was sentenced in these cases sufficiently allege a new factor that he must prove by clear and convincing evidence.

*WISCONSIN STAT. § 973.13 is not applicable*

¶21 We begin with Socha's argument that due to these vacated convictions, his sentence should be commuted pursuant to WIS. STAT. § 973.13. Section 973.13 provides that in cases where the trial court "imposes a maximum penalty in excess of that authorized by law, such excess shall be void and the sentence shall be valid only to the extent of the maximum term authorized by statute and shall stand commuted without further proceedings." Our supreme court has explained that when a defendant is "given a sentence greater than that authorized by law … the remedy [] is a commuted sentence[.]" *State v. Cross*, 2010 WI 70, ¶34, 326 Wis. 2d 492, 786 N.W.2d 64. Further, repeater penalties are affected by § 973.13 and if a "defendant is sentenced as a repeater without either an admission or proof of a prior" conviction in compliance with the relevant statutes, "the repeater portion of the sentence may not be imposed." *State v. Flowers*, 221 Wis. 2d 20, 22, 586 N.W.2d 175 (Ct. App. 1998).

¶22 We reject Socha's arguments that his sentences must be commuted pursuant to WIS. STAT. § 973.13. First, we consider sentence modification or commutation pursuant to § 973.13 by reviewing *State v. Hanson*, 2001 WI 70, 244 Wis. 2d 405, 628 N.W.2d 759. Second, we consider whether the sentences imposed in Socha's cases were excessive or in accordance with statutory mandates at the time of sentencing. Third, we consider whether there was sufficient evidence at the time of sentencing to support the sentences. Fourth, we consider whether the dates in the PSI in the Whitefish Bay case negate its reliability. Fifth,

13

we consider whether reopening a sentence under ***Hahn*** is the same as commuting a sentence pursuant to § 973.13.

¶23     First, we begin with ***Hanson***.   There, after the defendant was charged with his fifth operating a motor vehicle while revoked or suspended, he successfully moved DOT to rescind his Habitual Traffic Offender (HTO) status— a status which would impose statutory penalty enhancers.  ***Id.***, 244 Wis. 2d 405, ¶6.  However, when he entered his no contest plea, the rescission of his HTO status was not mentioned.  ***Id.***, ¶7.  Our supreme court reversed and remanded to determine if the HTO status was, in fact, the basis of his sentence.[14]  ***Id.***, ¶2. While Socha argues this case is on point, the key difference is that Hanson successfully petitioned DOT to rescind his HTO status prior to sentencing; therefore, the sentence imposed by the circuit court would have been imposed in error if the sentence was based on that rescinded status.  In contrast, here, the circuit court acted on information that was true at the time of sentencing and it did not impose a sentence in excess of the statutory maximums.

¶24     Second, Socha's sentences did not exceed the maximum statutory penalty based upon the number of prior convictions recognized at the time of sentencing.  WISCONSIN STAT. § 973.13 does not provide a remedy when the sentence initially imposed did not exceed the maximum statutory penalty.  *See **State v. Finley***, 2016 WI 63, ¶74, 370 Wis. 2d 402, 882 N.W.2d 761.  In the Whitefish Bay case, Socha's sentence was previously commuted pursuant to § 973.13 when DOC determined that the term of extended supervision exceeded

---

[14] We note that although our supreme court did state that a sentence based on Hanson's HTO status would be invalid, ultimately, it remanded the case to have the circuit court determine those facts. *See **State v. Hanson***, 2001 WI 70, ¶47, 244 Wis. 2d 405, 628 N.W.2d 759.

the maximum. The sentence imposed in the Whitefish Bay case, which was commuted to five years, was less than the statutory maximum penalty of six years. In the Glendale case, the circuit court imposed a twelve year sentence, which did not exceed the twelve year and six month statutory maximum at the time of sentencing.

¶25 Third, at the time of sentencing, the trial and circuit courts imposed sentences in compliance with the statutes for the prior convictions that appeared in the record. For purposes of considering prior OWI convictions during sentencing, "a defendant's admission, whether given personally or imputed through counsel, is competent proof of prior ... convictions." *State v. Loayza*, 2021 WI 11, ¶38, 395 Wis. 2d 521, 954 N.W.2d 358 (citation omitted; ellipses in *Loayza*). In the Whitefish Bay case, the record reflects Socha's counsel admitted that Socha had nine prior convictions. In the Glendale case, this court extensively considered the record and determined that nine prior convictions existed based on Socha's affidavit testimony. *See Socha I*, No. 2013AP281-CR, ¶19.[15] In both cases, neither Socha, nor any counsel representing him objected to the courts' determinations of nine prior convictions. Therefore, the sentences were not imposed based on erroneous information.

¶26 Fourth, Socha argues that in the Whitefish Bay case the trial court erred at the time of sentencing because the court relied upon the PSI, which listed

---

[15] The State argues that during postconviction proceedings in the Glendale case under the law-of-the-case doctrine, the circuit court was bound by this court's determination of the number of prior OWI convictions. *See State v. Brady*, 130 Wis. 2d 443, 446, 388 N.W.2d 151 (1986) ("[T]he law of the case doctrine generally restrains a circuit court from reconsidering an order that an appellate court has affirmed."). However, here, Socha is not presenting an error in our determination in *Socha I*, but instead, presenting a new factor, arising from new information developed after that opinion was issued.

OWI violation dates and not OWI conviction dates. Socha relied upon *Farr*, 119 Wis. 2d at 657-58, where our supreme court concluded that conviction dates were "critical" information to determine whether a repeater enhancer applied. However, the holding in *Farr* is inapposite to Socha's case because of the manner in which the sentence is affected by prior convictions. Because Farr had been convicted of a felony within the five years preceding the commission of the charged felony, he faced enhanced penalties under WIS. STAT. § 939.62. *Farr*, 119 Wis. 2d at 656. The statutory procedure for applying § 939.62 penalties are provided in WIS. STAT. § 973.12. The *Farr* court concluded the dates were critical because Farr had to be convicted within the five year time period required in § 939.62 before the enhancer could apply.

¶27 By contrast, here, the missing conviction dates in the PSI in Socha's Whitefish Bay case are not critical for two reasons. First, the repeater penalties under WIS. STAT. § 939.62 expressly do not apply to "motor vehicle offenses under chs. 341 to 349[.]" Sec. 939.62(3)(a). Second, there is no legal analogy in determining whether a repeat offender enhancer under § 939.62 applies to determining what section of § 346.65(2) applies when sentencing a person for an OWI conviction. Unlike in *Farr*, in determining how many OWI related convictions are counted in determining which sections of WIS. STAT. §§ 346.65(2)(b)-(e) (2003-04) and 346.65(2)(am)2.-7. (2007-08) apply in these cases, all of Socha's convictions in his lifetime are considered—not only those convictions that occurred during a limited time frame. With one exception that is not applicable here, all of Socha's OWI related convictions during his lifetime are

16

considered under §§ 346.65(2)(b)-(e) (2003-04) and 346.65(2)(am)2.-7. (2007-08).[16]

¶28    Fifth, although we conclude that *Hahn* is applicable to Socha's case, the holding in *Hahn* does not rely on WIS. STAT. § 973.13 to automatically modify or commute a sentence, but gives a defendant an opportunity to reopen sentencing. We discuss *Hahn* in detail below.

¶29    Ultimately, we conclude that Socha has not shown that his postsentencing vacation of certain OWI convictions requires the modification of his sentences pursuant to WIS. STAT. § 973.13. Accordingly, we reject this argument.

*New factor and reopening or modifying a sentence*

¶30    Before we address the standard of review for a new factor, we review the application of *Hahn* to Socha's cases on appeal. Throughout these proceedings, Socha has argued that his situation falls within our supreme court's holding in *Hahn*. In *Hahn*, the court stated that:

> The issue then becomes whether this court should, as a matter of judicial administration … allow an offender to challenge a prior state conviction in an enhanced sentence proceeding on grounds other than an alleged violation of the constitutional right to a lawyer, or whether this court should require an offender to use other available procedure other than the enhanced sentence proceeding to challenge a prior conviction.

---

[16] We note that as to second offense OWI convictions §§ 346.65(2)(b) (2003-04) and 346.65(2)(am)2. (2007-08) provide that "… [penalty described] if the number of convictions under ss. 940.09 (1) and 940.25 in the person's lifetime, plus the total number of suspension, revocations and other convictions counted under s. 343.307(1) within a 10-year period, equals…."

17

*Id.*, 238 Wis. 2d 889, ¶22. The court went on to say:

> [W]e conclude that considerations of judicial administration favor a bright-line rule that applies in all cases. We therefore hold that a circuit court may not determine the validity of a prior conviction during an enhanced sentence proceeding predicated on the prior conviction unless the offender alleges that a violation of the constitutional right to a lawyer occurred in the prior conviction.

*Id.*, ¶28. However, the court went on to explain that "[i]nstead, the offender may use whatever means available under state law to challenge the validity of a prior conviction on other grounds in a forum other than the enhanced sentence proceeding. If successful, the offender may seek to reopen the enhanced sentence." *Id.* The court then stated and clarified on reconsideration that:

> If the offender has no means available under state law to challenge the prior conviction on the merits, because, for example, the courts never reached the merits of this challenge under *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), or the offender is no longer in custody on the prior conviction, the offender may nevertheless seek to reopen the enhanced sentence.

*Hahn*, 238 Wis. 2d 889, ¶28, *as clarified in State v. Hahn*, 2001 WI 6, ¶2, 241 Wis. 2d 85, 621 N.W.2d 902 (*Hahn II*).

¶31     We rejected that *Hahn* was applicable to Socha's case in *Socha I* because he failed to establish what "attacks on his seven prior offenses from Illinois and Ohio were made." *See Socha I*, No. 2013AP281-CR, ¶13. However, here, Socha challenged his prior OWI convictions in a forum other than the

18

sentencing court.[17]  He returns in postconviction proceedings to request that the trial and circuit courts reopen sentencing in these two cases, pursuant to **Hahn**. We conclude that Socha has sufficiently alleged a new factor—that some of his prior OWI convictions have been vacated by other courts after his sentencing in the cases now before this court.

¶32    A new factor is "a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because ... it was unknowingly overlooked by all of the parties." **State v. Harbor**, 2011 WI 28, ¶40, 333 Wis. 2d 53, 797 N.W.2d 828 (citation omitted).  To prevail, a defendant must satisfy a two-prong test that requires the defendant to:  (1) demonstrate by clear and convincing evidence that a new factor exists; and (2) show that the alleged new factor justifies sentence modification.  *See* **id.**, ¶¶36-38.  Whether a fact or set of facts constitutes a new factor is a question of law that this court considers independently, but we review the trial court's determination of whether a new

---

[17] We note that both the trial court and the circuit court concluded that **Hahn** does not apply to OWI cases because **Hahn** analyzed repeater penalty enhancers pursuant to WIS. STAT. § 939.62, and not to the OWI penalty structure under WIS. STAT. § 346.65.  *See* **State v. Hahn**, 2000 WI 118, 238 Wis. 2d 889, 618 N.W.2d 528, *opinion clarified on denial of reconsideration*, 2001 WI 6, 241 Wis. 2d 85, 621 N.W.2d 902.  We reject this reasoning because this court and our supreme court have applied **Hahn** to the analysis of OWI cases on multiple occasions without distinguishing that **Hahn** is dependent on the source of the enhancement.  *See e.g.*, **State v. Hammill**, 2006 WI App 128, ¶6, 293 Wis. 2d 654, 718 N.W.2d 747; **State v. Ernst**, 2005 WI 107, ¶¶5, 25-26, 283 Wis. 2d 300, 699 N.W.2d 92; **State v. Stockland**, 2003 WI App 177, ¶¶1, 12, 266 Wis. 2d 549, 668 N.W.2d 810.  We note that we referenced **Hammill** in **Socha I**; our decision that **Hahn** was not applicable was based on Socha's failure to show that he had no options other than a collateral attack, not on the type of repeater penalty that was used to enhance his sentence.  The Dissent notes that **Hahn** provided no direction on how a trial or circuit court should analyze such a motion to reopen a sentence.  Dissent, ¶51 n.3.  The lack of specific direction does not negate **Hahn**'s holdings.

factor warrants sentence modification for an erroneous exercise of discretion. *Id.*, ¶33.

¶33     The Dissent asserts that we fail to apply the two-prong test set forth in *Harbor*. He states that he believes that "the lower courts properly applied *Harbor*, focusing on the second prong of the test which allowed them to exercise their discretion in denying Socha's motions for sentencing modification." Dissent, ¶40. However, we note that the Dissent goes further and concludes that Socha "successfully challenged his prior [OWI] convictions…." Thus, he must conclude that the number of Socha's prior convictions has been lawfully reduced. By reaching such a conclusion, the Dissent, in fact, has concluded that Socha met the first prong of the *Harbor* test—that a new factor exists.[18] However, the Dissent does not address how the trial and circuit courts could determine that the reduction in the number of convictions did not justify sentence modification, if the original sentences imposed now exceed the statutory maximum sentence based on the newly determined number of prior OWI convictions.

¶34     On remand, after the circuit court and trial court determine what the new total number of prior convictions remain, then each court would look to the applicable subsection within WIS. STAT. § 346.65 to see what maximum sentence applies to the new facts. If the original imposed sentence exceeds the maximum sentence for the newly determined count of prior convictions, then each court would exercise its discretion to modify the sentence such that it fits within the

---

[18] We note that we disagree with the Dissent's conclusion that Socha "successfully challenged his prior convictions." Rather, we conclude that the courts below did not determine which prior convictions were lawfully vacated and, thus, we remand for those courts to make those determinations.

maximum statutory range.[19]  Thus, in our decision, the Majority is applying both prongs of the **Harbor** test.

¶35     Socha has submitted documentation to this court, the trial court, and the circuit court, that he has had six of his prior OWI convictions vacated in the Whitefish Bay case and four of his prior OWI convictions vacated in the Glendale case.  Socha argues that the vacated OWI convictions are a new factor in each case because a reduction in the number count of prior OWIs could affect the possible range of his sentences.

¶36     A new factor can consist of "something that happens after sentencing" that then may warrant sentencing modification.  **State v. Ramuta**, 2003 WI App 80, ¶10, 261 Wis. 2d 784, 661 N.W.2d 483.  To sentence a person convicted of an OWI offense, the circuit court must exercise its sentencing discretion within the statutory maximum.  *See* WIS. STAT. § 346.65.[20]

¶37     We conclude that Socha has sufficiently alleged a new factor because his vacated convictions could not have been known at sentencing because they were not vacated until after sentencing, in accordance with **Hahn**, but the correct number of prior convictions was highly relevant to the sentence.   When a

---

[19] For example, in the Glendale case, Socha argues that if four of his nine prior convictions have been vacated, then his sentence of twelve years was excessive because the maximum sentence for an OWI sixth offense was only six years.  As noted above, if, on remand, Socha proves his allegations by clear and convincing evidence then the circuit court would exercise its discretion to modify the sentence such that it fits within the statutory maximum.

[20] We do not disagree with the Dissent's position that the sentencing court has an obligation to apply discretion in making the determination of whether sentence modification is warranted when a new factor is presented.  *See* Dissent, ¶47.  However, the Dissent offers no legal authority that supports a proposition that the circuit or trial court's discretion is not limited by statutory maximum sentences.

new factor is found, sentence modification may be warranted. "[T]he purpose underlying sentence modification … is to allow a circuit court discretion to modify sentences in an appropriate case." *Harbor*, 333 Wis. 2d 53, ¶51. Sentencing discretion is a process of reasoning under which the court considers the facts in the record, the proper legal standards, and reaches a conclusion based on a logical rationale. *State v. Gallion*, 2004 WI 42, ¶9, 270 Wis. 2d 535, 678 N.W.2d 197. The courts' discretion to modify Socha's sentences must be exercised within the proper standard of law—in other words, the statutory provision correlating to the correct number of prior convictions. While the trial and circuit courts maintain discretion to determine whether sentence modification is warranted, if a reduced number of prior convictions are recognized under the law, Socha's maximum sentence cannot exceed the maximum sentence for the number of prior convictions based on the penalties provided in WIS. STAT. § 346.65(2).[21]

¶38    Here, the trial and circuit courts did not address the question of whether the documents that Socha submitted to support his argument show by clear and convincing evidence that each conviction was lawfully vacated and therefore, could not be counted as predicate offenses in the Whitefish Bay and Glendale cases.[22] Further, the courts did not analyze what the lawful maximum

---

[21] The Dissent asserts that the trial and circuit courts acted within their discretion to determine that sentence modification was not warranted because the convictions were vacated for technical defects and the sentences were imposed based upon facts that were correct at the time of sentencing. *See* Dissent, ¶44. However, the Dissent offers no legal authority for the proposition that the trial and circuit courts could ignore the holding in *Hahn* that a person may return to the sentencing court to reopen sentencing after that person has had prior convictions vacated in another forum. *Id.*, 238 Wis. 2d 889, ¶28. At that point, the trial and circuit courts' discretion to consider any reopened sentence must occur in accord with the statutory maximums.

[22] The State does not appear to dispute the validity or legality of the vacated convictions. On remand we do not preclude the trial court or the circuit court from requiring appropriate proofs, while acknowledging that under the full faith and credit clause of the U.S. Constitution, we are bound to accept a valid out-of-state court order.

sentence under WIS. STAT. § 346.65 would be if any of Socha's prior OWI convictions were vacated. Therefore, we reverse the court orders denying sentence modification. We remand with directions to the trial and circuit courts to reopen Socha's motions for sentence modification and determine which, if any, of Socha's prior OWI convictions were lawfully vacated and to exercise their discretion in imposing sentences within the range of the applicable subsections of § 346.65(2) based on Socha's correct number of prior OWI convictions.[23]

---

[23] We note that in both cases the State argues that Socha is not seeking resentencing. It argues that Socha is not asking the courts to modify his sentences for OWI as a tenth or subsequent offense. The State asserts that Socha is asking the courts to impose a sentence under an entirely different "penalty statute." Further, the State argues that the courts could not simply modify his sentences from one penalty subsection of WIS. STAT. § 346.65 to another subsection of the same statute. We note that the State cites no authority for that argument. The State then contends that if Socha could show that his sentence was improper, the court would be required to completely re-do the invalid sentence, in essence that the remedy would require resentencing, not sentence modification. The State then asserts that because Socha is not seeking resentencing this court cannot convert a motion for sentence modification to a motion for resentencing unless Socha stipulated to resentencing. *See **State v. Wood***, 2007 WI App 190, ¶17, 305 Wis. 2d 133, 738 N.W.2d 81.

However, we conclude that the State is conflating the crime that Socha was convicted of—OWI—and the penalties for that crime. In both cases Socha was convicted of operating a motor vehicle under the influence of an intoxicant. WIS. STAT. § 346.63(1)(a). That statute provides no penalty and does not reference first or any subsequent offenses. After his convictions in each case, each court then determines the statutory penalty pursuant to WIS. STAT. § 346.65(2). Those penalties range from civil forfeitures, misdemeanors, to felony prison sentences. Those escalating penalties are all contained within the same statute—§ 346.65. Here, Socha is seeking modification of the sentences imposed pursuant to that statute based on a new factor. When a new factor is found, sentence modification may be warranted. "[T]he purpose underlying sentence modification … is to allow a circuit court discretion to modify sentences in an appropriate case." ***State v. Harbor***, 2011 WI 28, ¶51, 333 Wis. 2d 53, 797 N.W.2d 828. Thus, we conclude that if the trial court and/or the circuit court find that Socha proves by clear and convincing evidence that any of his prior OWI convictions were lawfully vacated, then the courts should exercise their discretion in modifying Socha sentences in accordance with the statutory provisions for Socha's correct number of prior convictions.

## CONCLUSION

¶39 For the reasons stated above, this court reverses the circuit and trial courts' orders denying sentence modification and remand these matters to those courts with directions to reopen Socha's motions for sentence modification and determine which, if any, of Socha's prior OWI convictions were lawfully vacated and to exercise their discretion in imposing sentences within the range of the applicable subsections of WIS. STAT. § 346.65(2), based on Socha's correct number of prior OWI convictions.

*By the Court.*—Orders reversed and causes remanded with directions.

Not recommended for publication in the official reports.

Nos. 2021AP1083-CR(D)
2021AP2116-CR(D)

¶40 BRASH, C.J. (*dissenting*). The Majority's decision in this matter, which reverses the lower courts' orders denying Socha's motions for sentence modification and remands the matter for further analysis regarding his vacated prior convictions, fails to employ the two-prong test set forth in ***Harbor*** for deciding motions for sentence modification. *See id.*, 333 Wis. 2d 53, ¶¶36-38. In contrast, I believe that the lower courts properly applied ***Harbor***, focusing on the second prong of the test which allowed them to exercise their discretion in denying Socha's motions for sentence modification. *See id.* As a result, I would affirm their orders. I therefore respectfully dissent.[1]

¶41 As the Majority recognizes, ***Harbor*** established a two-prong test that a defendant must satisfy in order to prevail on a motion for sentence modification: (1) demonstrate by clear and convincing evidence that a new factor exists; and (2) show that the alleged new factor justifies sentence modification. *See id.*, ¶38. Furthermore, a trial court may consider either prong first, and if the defendant fails to satisfy one prong of the new factor test, the court need not address the other. *See id.*

¶42 The Majority's conclusion, however, reflects that the ***Harbor*** test was not applied in its decision. The Majority concludes that Socha alleged sufficient facts to support the existence of a new factor, and that if he "meets his

---

[1] As I agree with the Majority's rejection of Socha's argument that his sentence should be commuted pursuant to WIS. STAT. § 973.13, I do not discuss that argument further in this dissent.

burden of proof it would warrant sentence modification." Majority, ¶1. The Majority thus remands this issue to the lower courts to "address the question of whether the documents that Socha submitted to support his argument show by clear and convincing evidence that each conviction was lawfully vacated[.]" Majority, ¶38. However, under *Harbor*, whether a set of facts constitutes a new factor is a question of law, which we review "independently of the determinations rendered by the circuit court[.]" *Id.*, 333 Wis. 2d 53, ¶33. Under that standard, I do not believe that the issue of whether Socha's submissions constitute a new factor—a question of law—requires remanding.

¶43 Moreover, pursuant to *Harbor*, an analysis of that issue is not necessary. Under *Harbor*'s two-prong test, either the new factor prong or the justification prong may be analyzed first, and further, if the trial court "determines that in the exercise of its discretion, the alleged new factor would not justify sentence modification, the court need not determine whether the facts asserted by the defendant constitute a new factor as a matter of law." *Id.*, ¶38.

¶44 That is precisely how the lower courts analyzed Socha's motions. Their focus in their decisions was on the second prong; that is, the discretionary determination of whether sentence modification was warranted. *See id.* The lower courts both noted that Socha's prior convictions were vacated not on constitutional grounds but for "technical defects" in the judgments of conviction. Additionally, both courts recognized that Socha's original sentences were based on facts that were correct at the time of sentencing,[2] and that sentence modification "would

---

[2] As the Majority recognizes, for purposes of considering prior OWI convictions during sentencing, "a defendant's admission, whether given personally or imputed through counsel, is competent proof of prior ... convictions." *State v. Loayza*, 2021 WI 11, ¶38, 395 Wis. 2d 521, 954 N.W.2d 358 (citation omitted; ellipses in *Loayza*).

contravene the purpose and intent of the graduated penalties" for OWI convictions as set forth in the statutes.

¶45    We review a trial court's determination of the second prong of *Harbor* for an erroneous exercise of discretion. *Id.*, ¶33. In other words, unless the trial court made an error of law, or failed to explain its reasoning for concluding that "the facts … presented did not justify modification" of the defendant's sentence, this court will not disturb its decision. *See id.*, ¶63. The lower courts' reasoning here demonstrates a proper exercise of their discretion pursuant to the second prong of the *Harbor* test. *See id.*, ¶37.

¶46    Furthermore, that reasoning is supported by the legislative purpose behind enhanced sentences for OWI convictions. "Wisconsin's progressive OWI penalties are mandatory directives from the legislature 'to encourage the vigorous prosecution of offenses concerning the operation of motor vehicles by persons under the influence ....'" *See City of Cedarburg v. Hansen*, 2020 WI 11, ¶17, 390 Wis. 2d 109, 938 N.W.2d 463 (citing WIS. STAT. § 967.055(1)(a); ellipses in *Hansen*). Additionally, our supreme court, using similar reasoning, determined that the successful challenge by a defendant of several prior OWI convictions materially breached a plea agreement in his new case because that agreement had been negotiated based on the original number of convictions. *See State v. Deilke*, 2004 WI 104, ¶24, 274 Wis. 2d 595, 682 N.W.2d 945. The *Deilke* court specifically referenced the State's argument that without the "penalty-enhancing feature" of the OWI statutes, "convictions are virtually useless in trying to keep impaired drivers off the road." *Id.*, ¶18. In fact, the *Deilke* court noted the prosecutor's argument relating to that issue: "[I]t doesn't do me much good to get a conviction in this [b]ranch if I can't then use it for penalty enhancement

3

purposes in the future. I mean[,] what good is a conviction on his record if it doesn't mean anything?" *Id.*, ¶18 n.16 (alterations in *Deilke*).

¶47 To be sure, the trial court's ability—and obligation—to apply discretion in making the determination of whether sentence modification is warranted is well-established. *See Harbor*, 333 Wis. 2d 53, ¶37; *State v. Hegwood*, 113 Wis. 2d 544, 546, 335 N.W.2d 399 (1983); *State v. Franklin*, 148 Wis. 2d 1, 8, 434 N.W.2d 609 (1989); *State v. Verstoppen*, 185 Wis. 2d 728, 741, 519 N.W.2d 653 (Ct. App. 1994). However, for Socha's cases, the Majority asserts that the lower courts "must exercise [their] sentencing discretion within the statutory mandates" of WIS. STAT. § 346.65(2), the OWI sentencing statute. *See* Majority, ¶36. In fact, the Majority's decision is based on the premise that the lower courts make an error of law if they do not consider the "correct" number of prior convictions for Socha when reviewing his motions for sentence modification. *See* Majority, ¶37. Staying within the confines of the OWI sentencing statute is certainly required when a trial court is *sentencing* a defendant; however, here the issue before us is whether Socha should have been granted *sentence modification*, which is subject to the two-prong test of *Harbor*. In effect, the Majority's approach of not applying the *Harbor* test treats these cases as if Socha had not already submitted motions for sentence modification that have been reviewed and decided by the lower courts.

¶48 Indeed, by not applying *Harbor*, the Majority's outcome is more akin to a decision on a motion for resentencing. A defendant may seek resentencing if his or her original sentence is deemed to be invalid. *See State v. Wood*, 2007 WI App 190, ¶9, 305 Wis. 2d 133, 738 N.W.2d 81. That seems to be what the Majority is contending here—that Socha's original sentences would no

4

longer be valid if, upon remand, the lower courts find that he successfully vacated several of his prior convictions. *See* Majority, ¶37.

¶49 However, Socha is affirmatively seeking sentence modification, not resentencing; in fact, he adamantly rejects the option of resentencing. "[I]n the absence of a clear, unequivocal and knowing stipulation by the defendant"—in particular, a *pro se* defendant—a motion for sentence modification cannot be converted to a motion for resentencing. *Wood*, 305 Wis. 2d 133, ¶17.

¶50 In short, of the two methods by which a defendant can seek sentencing relief—sentence modification and resentencing—resentencing is foreclosed based on Socha's request for modification only. We therefore must analyze Socha's motions under the rubric of sentence modification which, as stated above, includes both prongs of the *Harbor* test—whether a new factor exists, and whether modification is warranted. *See id.*, 333 Wis. 2d 53, ¶¶36-38. Furthermore, as discussed above, either prong of the test may be considered first, and if the defendant does not satisfy one of them, the court need not address the other. *See id.*, ¶38.

¶51 That was the case here—the lower courts primarily considered the second prong of the *Harbor* test and, in their discretion, determined that sentence

modification was not warranted.[3]  Therefore, I would affirm the courts' orders denying Socha's motions for sentence modification.

---

[3] The Majority also disagrees with the lower courts' rejection of the *Hahn* case as being inapplicable in OWI cases.  *See* Majority, ¶31 n.17.  *Hahn* allows for a defendant to "challenge the validity of a prior conviction on other grounds in a forum other than the enhanced sentence proceeding," and, if successful, that defendant "may seek to reopen" a sentence that was enhanced by the persistent repeater designation.  *Id.*, 238 Wis. 2d 889, ¶29.  However, I would note that *Hahn* provides no further directives as to how a trial court is to analyze a defendant's motion to "reopen" his or her sentence upon a successful challenge of prior convictions, which is the issue before us in these matters.  I am not suggesting that the holding in *Hahn* be "ignore[d]," as the Majority contends.  *See* Majority*,* ¶37 n.21.  Rather, I believe that, procedurally, this case is beyond the point in which the directives of *Hahn* are applicable, in that Socha already successfully challenged his prior convictions and then sought to reopen his sentence, as permitted by *Hahn*, via motions for sentence modification.  *See id.*, 238 Wis. 2d 889, ¶29.  Those motions were then properly denied pursuant to the two-prong test of *State v. Harbor*, 2011 WI 28, ¶¶36-38, 333 Wis. 2d 53, 797 N.W.2d 828.

6